IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Patricia Geiger and Michelle Hunget, | § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| Sisters of Charity of Leavenworth Health System, Inc., Sisters of Charity of Leavenworth Health System Separation Benefit Plan, Plan Administrator of the Sisters of Charity of Leavenworth Health System Separation Benefit Plan, Prime HealthCare Services, Inc., Prime Healthcare Services – Saint John Leavenworth, LLC; and Prime Healthcare Services – Providence, LLC, | § § § § § § § § § § § | Civil Action No. 2:14-cv-2378 |
| Defendants. | § | |

**ORDER (1) GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, (2) CERTIFYING SETTLEMENT CLASS, AND (3) APPROVING ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

On May 15, 2015, the parties entered into a settlement totaling $550,000.00 on May 15, 2015 in a Global Settlement Agreement (the "Settlement Agreement") and filed for preliminary approval of the settlement on the same date. On July 27, 2015, this Court entered an order preliminarily approving the settlement on behalf of the class (the "Class" or the "Class Members") set forth therein, appointing Matthew Ray of Simon, Ray & Winikka LLP and Tyler Peters of Payne & Jones, Chtd. as class counsel, and authorizing notice to all Class Members.

On December 2, 2015, plaintiffs filed their Unopposed Motion for Final Approval of Class Action Settlement. The same day, plaintiffs filed their Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to the plaintiffs.

1

The Court held a fairness hearing on January 5, 2016. No Class Members objected or opted out of the settlement.

Having considered the briefing and evidence (including the briefing and evidence submitted in support of Plaintiffs' Unopposed Motion for Preliminary of Approval of Class Action Settlement), the arguments of counsel at the fairness hearing conducted on January 5, 2016, the Court's July 27, 2015 Memorandum and Order and the complete record in this matter, for the reasons stated on the record at the January 5, 2016 fairness hearing and for good cause shown, the court orders as follows:

1. Pursuant to Federal Rule 23(e), the court grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein. The court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The court finds that the settlement was fairly and honestly negotiated, that serious questions of law and fact exist placing the ultimate outcome in doubt, that the value of an immediate recovery outweighs the possibility of future relief after protracted and expensive litigation, and that the parties genuinely believe the settlement is fair and reasonable.

2. Pursuant to Federal Rule 23, the court confirms as final its certification of the following class:

> All former non-executive employees who were employed by SCLHS as of March 31, 2013, were Eligible Participants in the SCLHS Separation Benefit Plan as of that date, and who were notified between April 1, 2013 and April 15, 2013 that they would be laid off. An Eligible Participant is an employee of SCLHS as of March 31, 2013 who was employed in a non-executive level position and was regularly scheduled to work at least 16 hours per week.

3. The court orders that the parties add the following sentence to the affirmation set forth in Paragraph 2.8 of the Settlement Agreement: "As a reminder, even if you don't sign, negotiate or endorse or cash the settlement check, you are still bound by the release of claims set forth in paragraph 6(b) of the Settlement Agreement." With that modification, the court finds that the proposed plan of allocation and the mechanisms and procedures in the Settlement Agreement by which payments are to be calculated and made to Class Members are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures set forth in the Settlement Agreement.

4. The court grants Plaintiffs' Motion for Attorneys' Fees and awards class counsel $220,000 (40% of the $550,000 settlement amount), which the court finds to be fair and reasonable based on the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717, 719 (5th Cir. 1974).

5. The court also awards class counsel reimbursement of litigation expenses in the amount of $5,097.68, which expenses the court finds were necessarily and reasonably incurred by class counsel in prosecuting this case and are expenses that are the type typically billed by attorneys to paying clients in the marketplace.

6. The court approves and finds reasonable service awards for named plaintiffs Patricia Geiger and Michelle Hunget in the amount of $7,500.00 each, in recognition of the services they rendered on behalf of the class and the benefits conferred on the class through those efforts.

7. The court approves and finds reasonable the payment of the Claims Administrator's fees not to exceed $20,000.

8. During the fairness hearing, the parties agreed that it was unnecessary for the court to approve the individual releases for the named plaintiffs. Therefore, the court denies plaintiffs' request for such approval as moot.

9. All claims of plaintiffs against defendants and all cross-claims between defendants are hereby dismissed with prejudice.

10. The court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this order.


DATED:  January 28, 2016              s/ Carlos Murguia
                                      Hon. Carlos Murguia
                                      United States District Judge

4